Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| LUIS M. CARDONA QUIÑONES EX PARTE Peticionario | TA2025CE00097 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón Caso Núm.: BY2025CV01705 Sobre: Eliminación de Antecedentes Penales |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de julio de 2025.

El 7 de julio de 2025, compareció ante este Tribunal de Apelaciones el señor Luis M. Cardona Quiñones (en adelante, señor Cardona Quiñones o parte peticionaria), por medio de *Certiorari*. Mediante este, nos solicita que revisemos la *Resolución* emitida el 25 de abril de 2025 y notificada el 28 de abril de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Petición de Eliminación de Convicciones de Delitos de Récord Penal*, presentada por la parte peticionaria.

Por los fundamentos que adelante se exponen, se deniega la expedición del auto de *certiorari*.

### I

Según surge del expediente, el 2 de abril de 2025, el señor Cardona Quiñones presentó la *Petición de Eliminación de Convicciones de Delitos de Récord Penal.* Explicó que, fue sentenciado por infracción del Art. 5.05 de la derogada Ley Núm.

404 de 11 de septiembre de 2000, según enmendada, conocida como *Ley de Armas de Puerto Rico*, y de los artículos 192, 204 (tentativa) y 284 del Código Penal de Puerto Rico. La parte peticionaria adujo que, habían transcurrido más de cinco (5) años desde que había cumplido con las sentencias impuestas por los delitos antes mencionados. Por lo anterior, solicitó al foro recurrido que, se eliminaran de su récord penal dichos delitos, conforme a la Ley Núm. 254 de 27 de julio de 1974, según enmendada, conocida como *Ley para Autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes Penales*.

Posteriormente, la Procuradora de Asuntos de Menores presentó el *Informe Fiscal sobre Eliminación de Antecedentes Penales*. Señaló que, el señor Cardona Quiñones había sido declarado culpable el 16 de enero de 2025 en los casos D BD2024G0208 y D LA2024G00350, y pendiente de Lectura de Sentencia. Sostuvo, además, que, los referidos casos ya se encontraban incluidos en el certificado de antecedentes penales. A tales efectos, expresó que, debido a que fue declarado culpable y que se encuentra pendiente de lectura de sentencia, el Ministerio Público tenía objeción a la petición de la parte peticionaria. Es su postura que, el señor Cardona Quiñones no cumple con los requisitos de Ley para concederle la eliminación de sus antecedentes penales. Puesto que, la parte peticionaria volvió a cometer delito y que, la convicción va en contravención a la buena reputación requerida por la Ley para la eliminación de los antecedentes penales. Por tales motivos, el Ministerio Público le solicitó al foro de primera instancia que declarara no Ha Lugar la *Petición de Eliminación de Convicciones de Delitos de Récord Penal*.

Por otro lado, la parte peticionaria presentó la *Moci[ó]n en Oposici[ó]n a Informe Fiscal sobre Eliminaci[ó]n de Antecedentes Penales*.

Así las cosas, la primera instancia judicial emitió la *Resolución* cuya revisión nos atiene. En virtud de esta, el foro *a quo* concluyó lo siguiente:

> En el presente caso, luego de examinar los escritos de las partes, así como el expediente, notamos que la Parte Peticionaria incumple con los requisitos establecidos en los Artículos 3 y 4 de la Ley Núm. 254 supra. Surge del expediente que dicha parte ha vuelto a cometer delitos; dos de ellos el 7 de mayo de 2024. Del expediente no surge cuándo la Parte Peticionaria cumplió el término de la pena de los referidos delitos; solo que estos se dispusieron el 16 de enero de 2025. Tampoco señala cuándo cometió los delitos de los que nuevamente es convicto y espera por lectura de sentencia en mayo de este año. Dado el hecho de que no surge en qué fecha la Parte Peticionaria cometió los nuevos delitos, debemos presumir que esto ocurrió en el año 2024 por lo que no procede emitir resolución a su favor.
>
> Considerando que volvió a cometer delitos, que está en espera de ser sentenciado en mayo de este año y que por consiguiente no ha expirado el término previsto en ley para solicitar la eliminación de dichos delitos de su certificado de antecedentes penales, se declara **NO HA LUGAR** la "Petición De Eliminación De Convicciones De Delitos De Récord Penal" presentada por la Parte Peticionaria.

En desacuerdo, la parte peticionaria presentó *Moción en Solicitud de Reconsideración.*

El foro primario emitió *Resolución* el 6 de junio de 2025 donde declaró No Ha Lugar la *Moción en Solicitud de Reconsideración,* por motivo de que la parte peticionaria no contaba con fundamentos legales para solicitar reconsideración.[1]

Aún inconforme, la parte peticionaria acudió ante este Foro revisor mediante el recurso de epígrafe, donde esgrimió los siguientes señalamientos de error:

1. Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Bayamón, al determinar que no procedía la eliminación del récord del recurrente de los casos DBD2008G0573 y DLA2007G0525, habiendo transcurrido el término de cinco años desde cumplida sus sentencias sin cometer delitos en dicho término.

---

[1] El 9 de junio de 2025, el foro *a quo* emitió *Resolución Nunc Pro Tunc* con el propósito de aclarar un artículo que había incluido como parte de la *Resolución.*

2. Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Bayamón, al descartar prueba pertinente, y en su consecuencia determinar que no se probó por preponderancia de la prueba la buena reputación del recurrente en la comunidad.

Mediante *Resolución* emitida el 9 de julio de 2025, le concedimos a la parte recurrida, por conducto de la Oficina del Procurador General, hasta el miércoles 16 de julio de 2025 a las 12:00 del mediodía, para exponer su posición en cuanto el recurso de marras.

El 16 de julio de 2025, la parte recurrida presentó el *Escrito en Cumplimiento de Orden.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, […], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

---

[2] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[3]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia

---

[3] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).

mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma

procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Ley Núm. 254 de 27 de junio de 1974

La *Ley para autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes Penales* (Ley Núm. 254-1974), 34 LPRA sec. 1725 et seq., fue creada con el propósito de conferirles poderes específicos a la Policía de Puerto Rico para la expedición de Certificaciones de Antecedentes Penales, y al Superintendente de la Policía para promulgar reglamentación conforme a los propósitos, a las guías y normas establecidas en dicha ley. *Exposición de Motivos* de la Ley Núm. 254-1974.

En lo aquí pertinente, el Art. 4 de la Ley Núm. 254-1974, *supra*, dispone lo siguiente:

> **Artículo 4. – Eliminación de la Convicción—Delito grave**. (34 L.P.R.A. § 1725a-2)
>
> Toda persona que haya sido convicta de un delito grave que no esté sujeta al Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso Contra Menores ni al Registro de Personas Convictas por Corrupción, podrá solicitar del Tribunal de Primera Instancia una orden para la eliminación de la convicción del Certificado de Antecedentes Penales, siempre que concurran las siguientes circunstancias.
>
> (a) que hayan transcurrido cinco (5) años desde que cumplió la sentencia y durante ese tiempo no haya cometido delito alguno;
>
> (b) que tenga buena reputación en la comunidad; y
>
> (c) que se haya sometido a la muestra requerida por la ley del banco de Datos de ADN, de estar sujeta a ello.
>
> El peticionario acompañará los documentos necesarios para probar las alegaciones de su petición. El Ministerio Público podrá oponerse o allanarse a la petición, en cuyo caso no será necesario celebrar vista.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En su primer señalamiento de error, la parte peticionaria sostiene que, el foro *a quo* incidió al determinar que no procedía que se eliminara de su récord los casos DBD2008G0573 y DLA2007G0525, a pesar de haber transcurrido el término de cinco (5) años desde que se cumplió las sentencias sin cometer delito dentro del mismo.

Como segundo señalamiento de error, la parte peticionaria aduce que, el Tribunal de Primera Instancia erró al descartar prueba pertinente, y consecuentemente determinar que no se probó por preponderancia de la prueba la buena reputación del señor Cardona Quiñones.

Tras evaluar detenidamente el recurso presentado por la parte peticionaria, y luego de una revisión colegimos que no procede la expedición del auto solicitado. Los señalamientos de error antes reseñados, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional en el caso de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

Por otro lado, la parte peticionaria tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones